UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTICE INVESTORS LP and PORTSMOUTH SQUARE, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>RSUI INDEMNITY COMPANY and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:16-cv-3603 JAK (FFMx)<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

1.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of the following confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted: (a) settlement agreements in underlying litigation relating to this insurance coverage dispute; and (b) attorney fee bills in the underlying litigation. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. **The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited categories of information and items identified above that are entitled to confidential treatment under the applicable legal principles.** The parties further

1003973.1

1  acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective
2  Order does not entitle them to file confidential information under seal; Civil Local
3  Rule 79-5 sets forth the procedures that must be followed and the standards that will
4  be applied when a party seeks permission from the court to file material under seal.

5  2.    GOOD CAUSE STATEMENT

6  Plaintiffs bring this action for breach of an insurance contract, arising out of
7  defendant's alleged refusal to pay defense and settlement costs for plaintiffs.
8  Defendant seeks production of settlement agreements that had been designated as
9  confidential in the underlying litigation and the attorney fee bills in the underlying
10 litigation, which plaintiffs claim involve trade secrets and other valuable research,
11 development, commercial, financial, technical and/or proprietary information for
12 which special protection from public disclosure and from use for any purpose other
13 than prosecution of this action is warranted. Such confidential and proprietary
14 materials and information consist of, among other things, confidential business or
15 financial information, information regarding confidential business practices, or other
16 confidential research, development, or commercial information (including
17 information implicating privacy rights of third parties), information otherwise
18 generally unavailable to the public, or which may be privileged or otherwise
19 protected from disclosure under state or federal statutes, court rules, case decisions,
20 or common law. Accordingly, to expedite the flow of information, to facilitate the
21 prompt resolution of disputes over confidentiality of discovery materials, to
22 adequately protect information the parties are entitled to keep confidential, to ensure
23 that the parties are permitted reasonable necessary uses of such material in
24 preparation for and in the conduct of trial, to address their handling at the end of the
25 litigation, and serve the ends of justice, a protective order for such information is
26 justified in this matter. It is the intent of the parties that information will not be
27 designated as confidential for tactical reasons and that nothing be so designated
28 without a good faith belief that it has been maintained in a confidential, non-public

manner, and there is good cause why it should not be part of the public record of this case.

3. DEFINITIONS

    3.1    Action:  the instant action, *Justice Investors LP, et al., v. RSUI Indemnity Company, et al.*, Case No. 2:16-cv-3603.

    3.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

    3.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    3.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

    3.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    3.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    3.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    3.8    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    3.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

Case 2:16-cv-03603-JAK-FFM   Document 13   Filed 08/19/16   Page 4 of 14   Page ID #:283

3.10 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.11 <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.12 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.13 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14 <u>Protected Material</u>:  any Disclosure or Discovery Material that constitutes settlement agreements and/or attorney fee bills in the underlying litigation and which is designated as "CONFIDENTIAL."

3.15 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

4. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only the Protected Material (as defined above), but also (1) any information copied or extracted from the Protected Material; (2) all copies, excerpts, summaries, or compilations of the Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal the Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

5. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6. DESIGNATING PROTECTED MATERIAL

6.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

1 under this Order must be clearly so designated before the material is disclosed or
2 produced.

3 Designation in conformity with this Order requires:

4 (a)  for information in documentary form (e.g., paper or electronic
5 documents, but excluding transcripts of depositions or other pretrial or trial
6 proceedings), that the Producing Party affix at a minimum, the legend
7 "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
8 contains protected material.  If only a portion or portions of the material on a page
9 qualifies for protection, the Producing Party also must clearly identify the protected
10 portion(s) (e.g., by making appropriate markings in the margins).

11 A Party or Non-Party that makes original documents available for inspection
12 need not designate them for protection until after the inspecting Party has indicated
13 which documents it would like copied and produced. During the inspection and
14 before the designation, all of the material made available for inspection shall be
15 deemed "CONFIDENTIAL." After the inspecting Party has identified the
16 documents it wants copied and produced, the Producing Party must determine which
17 documents, or portions thereof, qualify for protection under this Order. Then, before
18 producing the specified documents, the Producing Party must affix the
19 "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a
20 portion or portions of the material on a page qualifies for protection, the Producing
21 Party also must clearly identify the protected portion(s) (e.g., by making appropriate
22 markings in the margins).

23 (b)  for testimony given in depositions that the Designating Party identify
24 the Disclosure or Discovery Material on the record, before the close of the
25 deposition as protected testimony.

26 (c)  for information produced in some form other than documentary and
27 for any other tangible items, that the Producing Party affix in a prominent place on
28 the exterior of the container or containers in which the information is stored the

legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

7.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

8.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the

conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided:  (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A hereto; and (2) they will not be permitted to keep any

confidential information unless they sign the "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action

to disobey a lawful directive from another court.

10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to Protected Material produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such Protected Material produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and

expense of seeking protection in this court of its Protected Material.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

1  Stipulated Protective Order. Similarly, no Party waives any right to object on any
2  ground to use in evidence of any of the material covered by this Protective Order.

3        13.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any
4  Protected Material must comply with the Central District's Pilot Project for the
5  Electronic Submission and Filing of Under Seal Documents, as set forth in
6  Magistrate Judge Frederick F. Mumm's Procedures and Schedules. Protected
7  Material may only be filed under seal pursuant to a court order authorizing the
8  sealing of the specific Protected Material at issue. If a Party's request to file
9  Protected Material under seal is denied by the court, then the Receiving Party may
10 file the information in the public record unless otherwise instructed by the court.

11 14.   <u>FINAL DISPOSITION</u>

12       After the final disposition of this Action, as defined in Section 5, within 60
13 days of a written request by the Designating Party, each Receiving Party must return
14 all Protected Material to the Producing Party or destroy such material. As used in
15 this subdivision, "all Protected Material" includes all copies, abstracts, compilations,
16 summaries, and any other format reproducing or capturing any of the Protected
17 Material. Whether the Protected Material is returned or destroyed, the Receiving
18 Party must submit a written certification to the Producing Party (and, if not the same
19 person or entity, to the Designating Party) by the 60 day deadline that (1) identifies
20 (by category, where appropriate) all the Protected Material that was returned or
21 destroyed and (2) affirms that the Receiving Party has not retained any copies,
22 abstracts, compilations, summaries or any other format reproducing or capturing any
23 of the Protected Material. Notwithstanding this provision, Counsel are entitled to
24 retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing
25 transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
26 reports, attorney work product, and consultant and expert work product, even if such
27 materials contain Protected Material. Any such archival copies that contain or
28 constitute Protected Material remain subject to this Protective Order as set forth in

1  Section 5.

2  15. Any violation of this Order may be punished by any and all appropriate
3  measures including, without limitation, contempt proceedings and/or monetary
4  sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: August 1, 2016           THE BERNHEIM LAW FIRM

                                By: _____
                                    Steven J. Bernheim
                                    Attorneys for Plaintiffs,
                                    JUSTICE INVESTORS LP and
                                    PORTSMOUTH SQUARE, INC.

DATED: August 2, 2016           MUSICK, PEELER & GARRETT LLP

                                By: _____
                                    Teresa Cho
                                    Attorneys for Defendant,
                                    RSUI INDEMNITY COMPANY

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: August 19, 2016          By:  /S/FREDERICK F. MUMM
                                    Hon. Frederick F. Mumm
                                    United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of _____. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____